**Nick KIAHTIPES, Dino Kiahtipes, and Angelo Kiahtipes, Plaintiffs and Appellants,**

v.

**Marius Henry MILLS and Maxine Mills, Defendants and Respondents.**

No. 15998.

Supreme Court of Utah.

Aug. 20, 1979.

Reed L. Martineau and A. Dennis Norton of Snow, Christensen & Martineau, Craig S. Cook, Salt Lake City, for plaintiffs and appellants.

E. J. Skeen of Skeen & Skeen, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Before us is a summary judgment rendered in favor of defendants. We reverse and remand for trial. No costs awarded.

On the 10th day of May, 1977, defendants (hereafter Mills), as Sellers; and plaintiffs (hereafter Kiahtipes), as Buyers; entered into a contract for the sale and purchase of two parcels of real property, together with certain water rights. The portion of that contract which gives rise to this lawsuit is paragraph 3.

3. The parties are aware of an outstanding first mortgage on the "Old Mills' Farm" held by the Federal Land Bank of Berkeley, now known as the Federal Land Bank of Sacramento, as well as a first mortgage to the Utah Farm Production Credit Association of Salt Lake City, Utah on the "Angelo Peperakis' Farm" and all of the said water rights. The Sellers have orally reported this sale to both of said corporations and have received an oral indication that if this contract is executed between the Sellers and Buyers, that the said Federal Land Bank will thereupon release its mortgage and that the said Utah Farm Production Credit Association will in writing, agree that when and if all the proceeds payable by the Buyers herein shall be paid to and applied on the indebtedness of Sellers to said Association, that

it will release its mortgage upon the said real property and water right. If within thirty (30) days from the execution of this Agreement the Federal Land Bank should decline to release its mortgage or if the said Utah Farm Production Credit Association should decline to execute an agreement in writing agreeing to release its mortgage upon the terms and conditions above set forth, then this Sales Agreement between the Sellers and Buyers shall have no further force or effect.

In addition to the two mortgages noted in paragraph 3, a third mortgage was advanced and claimed to be the reason for the failure of the Federal Land Bank and the Utah Farm Production Credit Association to release their mortgages within thirty days from the execution of the agreement, thus preventing the setting of a closing date and further action by Mills and Kiahtipes. Considerable discovery was undertaken, and an affidavit was filed. Both parties moved for summary judgment, and the court, after consideration of the contract, the depositions, and the affidavit, rendered judgment in favor of Mills.

Among other things, the court found as follows:

The parties intended that the Sales Agreement would be effective only if the documents referred to above were obtained as provided by the agreement. When the Helper State Bank mortgage came into the picture, it became impossible to carry out the original intent of the parties.

The court concluded there was no material issue of fact in that matter. With this we cannot agree. Did the parties intend to consider the third mortgage, that of Helper State Bank? From the terms of the contract, such cannot be determined. The existence of such an issue of fact is sufficient to prevent summary judgment, and we do not say it may be the only issue. See *Wingets, Inc. v. Bitters*, 28 Utah 2d 231, 500 P.2d 1007, 1010–1011 (1972).

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.